UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTATHIAS SCHWARTZ,<br><br>                      Plaintiff,<br>    v.<br><br>DEPARTMENT OF DEFENSE,<br>DEPARTMENT OF NAVY,<br>NATIONAL SECURITY AGENCY,<br>FEDERAL BUREAU OF INVESTIGATION,<br>CENTRAL INTELLIGENCE AGENCY, and<br>OFFICE OF THE DIRECTOR OF NATIONAL<br>INTELLIGENCE,<br><br>                      Defendants. | No. 1:15-cv-07077<br><br>ECF Case |

**COMPLAINT**

**Introduction**

1.  This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of records that describe the Government's rules for monitoring, interrupting, and censoring proceedings of the Military Commissions at Guantanamo Bay, and the means by which it implements these rules.

2.  The public and press are only permitted to observe proceedings at the Guantanamo courtroom from an enclosed space behind soundproof glass. They are able to observe the proceedings in real time, but the audio feed into the public observation space is on a forty-second delay. To prevent the inadvertent disclosure of classified information, the audio feed can immediately be killed, and all sound from the courtroom cutoff to the press and public, when a button is pressed by the courtroom security officer, who sits next to the presiding judge. That action also triggers a red flashing warning light to alert participants in the courtroom that

1

the proceeding has been closed.

3. At first, it was understood that the audio feed could only be killed by the court security officer, with the permission of the presiding judge, by using the button physically located within the courtroom. On January 28, 2013, however, the audio feed was killed and the flashing red light activated without any action by the court security officer and without any permission from the presiding judge. The judge suspended proceedings to determine who outside the courtroom had the technical ability to censor the proceedings without his authority or approval.

4. To this day, the public remains in the dark about who closed the Guantanamo proceedings on January 28, 2013. The presiding judge has made clear that no one outside the courtroom is authorized to close the proceeding by cutting off the audio, but many questions remain. The public does not know what rules are in place for cutting off the audio feed, or the instructions given to the Office of Military Commissions, presiding officers, courtroom security personnel, or any other entities or individuals with the technical capability to terminate the audio feed. The public does not know the means by which any authority outside the physical courtroom can monitor or interrupt the audio transmissions to the public. And the public does not know the number of security officers assigned to the military commissions, their duties, their cost, or their training.

5. The public has a substantial interest in the fairness and transparency of the proceedings of the Guantanamo Military Commissions, which have been the subject of worldwide press attention since their inception. This FOIA request seeks disclosure of the rules that govern the electronic closure of the Commission's public proceedings and the identification of those who have the ability to close them. It does not seek information about what particular

information has been censored.

6. The records sought through this action are not properly exempt from disclosure under FOIA, and involve matters of ongoing public concern.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this district.

## Parties

9. Plaintiff Mattathias Schwartz is a journalist and staff writer for *The New Yorker* magazine and resides in Brooklyn. He has published articles in *The New Yorker* and elsewhere that inform the public about the activities of U.S. government agencies and officials, and he intends to publish the information at issue in an article that will contribute to a public understanding of the military commission trials and to the United States' ongoing efforts to seek justice for the events of September 11, 2001.

10. Defendant Department of Defense ("DoD") is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant Department of Navy ("Navy") is a component of DoD.

11. Defendant National Security Agency ("NSA") is an intelligence agency established within the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

12. The Department of Justice is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant Federal

Bureau of Investigation ("FBI") is a component of the Department of Justice.

13. Defendant Central Intelligence Agency ("CIA") is an intelligence agency established within the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

14. Defendant Office of the Director of National Intelligence ("ODNI") is an intelligence agency established within the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## Facts

### The Requested Records

15. By letter dated March 9, 2015, Plaintiff filed FOIA requests with the NSA, CIA, Navy, and DoD ("Requests"). By letter dated March 10, 2015, Plaintiff filed FOIA Requests with the FBI and ODNI. All these Requests were substantially similar. (True and correct copies of the Requests are collectively annexed hereto as Exhibit A).

16. Each of the Requests sought:

(1) Records sufficient to disclose any and all guidance that has been given to the Office of Military Commissions, presiding officers, counsel, or any other person(s) in the courtroom about what may not be said in open public sessions or included in written submissions in prosecutions before the military commissions at the Guantanamo Bay Naval Station;

(2) Records sufficient to disclose the means by which any original classifying authority can monitor or interrupt the 40-second delayed audio-video transmission of military commission proceedings to prevent the public disclosure of classified information or other information of the kinds covered by Rule 506 of the Military Commission Rules of Evidence; and

(3) Records sufficient to disclose the number of security officers assigned to the military commissions, including security officers detailed to the specific defense teams, together with the duties and authorities of those security officers, the total annual cost of those security officers, and any instructions or training provided to those officers.

17. Plaintiff sought a public interest fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii), because disclosure to the Plaintiff is "likely to contribute significantly to the public understanding of the operations or activities of the U.S. Government and is not primarily in the commercial interest of the requester." 32 C.F.R. § 1700.2(h)(4).

18. Plaintiff sought a limitation of fees as "a representative of the news media," 5 U.S.C. § 552(a)(4)(A)(ii)(II); 32 C.F.R. § 1700.6(h)(i), who is "actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." 32 C.F.R. § 1700.2(h)(4).

19. Plaintiff sought expedited processing pursuant to 5 U.S.C. § 552(6)(E), as Plaintiff is seeking these materials to report on a continuing news story of great public interest, and requested justification and explanation for all denials by reference to the specific exemptions of the Act, pursuant to 32 C.F.R. § 1700.8(c)(1).

### Agency Responses

### NSA

20. In a letter dated March 23, 2015, the NSA informed Plaintiff that it had determined that the FOIA Request likely falls under DoD's purview and indicated that since DoD is processing Plaintiff's FOIA Request on the same topic, all communications should be directed to DoD. The NSA did not address Plaintiff's requests for expedited processing or fee waivers. (A true and correct copy of the letter is annexed hereto as Exhibit B.)

21. The NSA has not produced or withheld any documents responsive to Plaintiff's Request, nor has it indicated whether it has conducted a search for records. More than twenty (20) business days have passed since Plaintiff submitted his Request.

**FBI**

22. In a letter dated March 20, 2015, the FBI acknowledged receipt of Plaintiff's FOIA Request. In a letter dated March 24, 2015, the FBI denied Plaintiff's request for expedited processing. The FBI did not address Plaintiff's requests for fee waivers. (True and correct copies of these letters are collectively annexed hereto as Exhibit C.)

23. By letter dated April 22, 2015, Plaintiff submitted an administrative appeal to the FBI. Plaintiff appealed the FBI's denial of expedited processing and the FBI's constructive denial of Plaintiff's Request due to its failure to respond within the statutory time limit. (A true and correct copy of this administrative appeal is annexed hereto as Exhibit D.)

24. The FBI has not produced or withheld any documents responsive to Plaintiff's Request, nor has it indicated whether it has conducted a search for records. More than twenty (20) business days have passed since Plaintiff submitted his administrative appeal.

**CIA**

25. In a letter dated March 23, 2015, the CIA denied Plaintiff's request for expedited processing. The CIA did not address Plaintiffs requests for fee waivers. (A true and correct copy of the letter is annexed hereto as Exhibit E).

26. By letter dated April 22, 2015, Plaintiff submitted an administrative appeal to the CIA. Plaintiff appealed the CIA's denial of expedited processing and the CIA's constructive denial of Plaintiff's Request due to its failure to respond within the statutory time limit. (A true and correct copy of this administrative appeal is annexed hereto as Exhibit F.)

27. In a letter dated May 21, 2015, the CIA acknowledged receipt of the appeal and stated that it "accepted" Plaintiff's appeal regarding Item 1 of the FOIA Request, but it did not address Items 2 or 3. The CIA again denied Plaintiff's request for expedited processing and did not address Plaintiff's requests for fee waivers. (A true and correct copy of the letter is annexed hereto as Exhibit G.)

28. The CIA has not produced or withheld any documents responsive to Plaintiff's Request, nor has it indicated whether it has conducted a search for records. More than twenty (20) business days have passed since Plaintiff submitted his administrative appeal.

### ODNI

29. Having received no response from ODNI regarding Plaintiff's March 10, 2015 FOIA Request, Plaintiff appealed ODNI's constructive denial by letter dated April 22, 2015. (A true and correct copy of the letter is annexed hereto as Exhibit H.)

30. In a letter dated May 14, 2015, ODNI stated that it had not received Plaintiff's March 10, 2015 Request. ODNI indicated that it will be processing the appeal Request as an initial Request. ODNI also denied Plaintiff's request for expedited process. ODNI did not address Plaintiff's requests for fee waivers. By email dated July 15, 2015, ODNI indicated that it had initiated a search for responsive records. (True and correct copies of the correspondence from ODNI are collectively annexed hereto as Exhibit I.)

31. The ODNI has not produced or withheld any documents responsive to Plaintiff's Request, nor has it indicated whether it has conducted a search for records. More than twenty (20) business days have passed since Plaintiff submitted his Request.

## NAVY

32.     In a letter dated March 11, 2015 the Navy indicated that it has determined that the information sought may be maintained by the Office of the Secretary of Defense and Joint Staff and had forwarded Plaintiff's Request to that office. The Navy did not address Plaintiff's requests for expedited processing or fee waivers. (A true and correct copy of the letter is annexed hereto as Exhibit J.)

33.     The Navy has not produced or withheld any documents responsive to Plaintiff's Request, nor has it indicated whether it has conducted a search for records. More than twenty (20) business days have passed since Plaintiff submitted his Request.

## DoD

34.     In a letter dated March 12, 2015, DoD acknowledged receipt of the forwarded Request from the Navy. DoD acknowledged that Plaintiff was entitled to a limitation of fees as a media category requestor and thus deemed his request for a fee waiver moot. DoD denied Plaintiff's request for expedited processing and indicated that DoD would be unable to respond to Plaintiff's Request within FOIA's 20 day statutory time period as there are unusual circumstances impacting DoD's ability to quickly process the Request. (A true and correct copy of the letter is annexed hereto as Exhibit K.)

35.     In a letter dated March 18, 2015, DoD explained that Plaintiff's March 9, 2015 FOIA Request to the DoD was a duplicate of the Request forwarded from the Navy, so DoD administratively closed Plaintiff's original DoD Request. (A true and correct copy of the letter is annexed hereto as Exhibit L.)

36.     By letter dated April 22, 2015, Plaintiff submitted an administrative appeal to the DoD. Plaintiff appealed the constructive denial of request due to the DoD's failure to

respond within the statutory time limit and the denial of expedited processing. (A true and correct copy of this administrative appeal is annexed hereto as Exhibit M.)

37. In a letter dated May 4, 2015, DoD acknowledged receipt of the appeal and indicated that DoD would not be able to complete the appeal within the statutory time limit. In a letter dated June 15, 2015, DoD indicated that it had reviewed Plaintiff's appeal at the appellate level and determined that the request for expedited processing should be denied. (True and correct copies of letters are collectively annexed hereto as Exhibit N.)

38. On August 14, 2015, DoD issued a final response to Plaintiff's FOIA Request. DoD indicated that it had found ninety-eight (98) pages of documents to be responsive and disclosed the documents with redactions pursuant to Exemptions (b)(4), (b)(6), and (b)(7)(A). DoD indicated that it could not locate information for Item 2 of the FOIA Request. DoD determined that no assessable fees are associated with the response. DoD invited Plaintiff to appeal DoD's final response within 60 calendar days. (A true and correct copy of the letter is annexed hereto as Exhibit O.)

39. By letter dated October 13, 2015, Plaintiff appealed the DoD's final response. Plaintiff alleged that DoD failed to conduct an adequate search for records responsive to Plaintiff's Request.  Plaintiff also appealed the DoD's redaction of information under exemptions (b)(4), (b)(6), and (b)(7)(A).  (A true and correct copy of the administrative appeal letter is annexed hereto as Exhibit P.)

40. In a letter dated October 20, 2015, DoD acknowledged receipt of Plaintiff's appeal, but indicated that it would be unable to respond to Plaintiff's appeal within the twenty day statutory requirement. (A true and correct copy of the letter is annexed hereto as Exhibit Q.)

41. More than twenty (20) business days have passed since Plaintiff filed his second administrative appeal.

## Summary of Agency Responses

42. None of the six Defendants—DOD, Navy, NSA, FBI, CIA, and ODNI—have granted expedited processing for Plaintiff's FOIA Requests.

43. None of the six Defendants granted a public interest fee waiver, and only DoD granted a limitation of fees.

44. Of the six Defendants, only DoD has produced documents in response to Plaintiff's Requests. Those partially redacted documents fail to provide Plaintiff with the information he requires.

45. Plaintiff has exhausted all administrative remedies.

## FIRST CLAIM
(Violation of FOIA for failing to expedite Plaintiff's Requests)

46. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

47. Defendants' refusal to expedite Plaintiff's Requests violates the FOIA, 5 U.S.C. § 552(6)(E).

## SECOND CLAIM
(Violation of FOIA for failing to respond to Plaintiff's Requests)

48. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

49. Defendants' failure to timely respond to the Requests violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendants' corresponding regulations.

### THIRD CLAIM
(Violation of FOIA for failing to make records available)

50. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

51. Defendants' failure to make a reasonable effort to search for records responsive o the Requests violates the FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendants' regulations.

52. Defendants' failure to make available the records sought by the Requests violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

53. Defendants' withholdings of specific responsive records, or portions thereof, violates the FOIA, 5 U.S.C. § 552(a)(3)(A), (6)(A), and Defendants' corresponding regulations.

### FOURTH CLAIM
(Violation of FOIA for failing to grant fee waivers)

54. Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

55. Defendants' failure to grant Plaintiff's request for a public interest fee waiver violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and Defendants' corresponding regulations.

56. The failure of NSA, FBI, CIA, ODNI, and Navy to grant Plaintiff a limitation of fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendants' regulations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to:

1. Declare that the records sought by Plaintiff in his FOIA Requests are public records under 5 U.S.C. § 552 and must be disclosed;

2. Order Defendants to conduct a thorough search for all records responsive to Plaintiff's Requests;

3. Order Defendants to immediately process and release all records responsive to Plaintiff's Requests;

4. Order Defendants to disclose all improperly withheld or redacted information;

5. Enjoin Defendants from charging Plaintiff for the search, review, or duplication fees for processing his Requests;

6. Award Plaintiff the costs and reasonable attorney's fees incurred in this action; and

7. Grant such other relief as this Court deems just and proper.

>Respectfully submitted,
>
>MEDIA FREEDOM AND INFORMATION
>ACCESS CLINIC, YALE LAW SCHOOL
>
>David A. Schulz (DS-3180)
>Media Freedom and Information Access Clinic
>321 West 44th Street, Suite 1000
>New York, NY 10036
>Tel: (212) 850-6100
>Fax: (212) 850-6299
>DSchulz@lskslaw.com
>
>/s/ Jonathan Manes
>Jonathan M. Manes (JM-3238)
>Media Freedom and Information Access Clinic
>Yale Law School
>P.O. Box 208215
>New Haven, CT 06520-8215
>Tel: (203) 432-9387
>Fax: (203) 432-3034
>Jonathan.Manes@yale.edu

Dated: December 11, 2015
       New Haven, CT