# EXHIBIT A

March 9, 2015

**BY ELECTRONIC SUBMISSION**

OSD/JS FOIA Requester Service Center
Office of Freedom of Information
1155 Defense Pentagon
Washington, DC 20301-1155

**Re:    Request for Information under the Freedom of Information Act**

This an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I am seeking to obtain the following records:

(1) Records sufficient to disclose any and all guidance that has been given to the Office of Military Commissions, presiding officers, counsel, or any other person(s) in the courtroom about what may not be said in open public sessions or included in written submissions in prosecutions before the military commissions at the Guantanamo Bay Naval Station;

(2) Records sufficient to disclose the means by which any original classifying authority can monitor or interrupt the 40-second delayed audio-video transmission of military commission proceedings to prevent the public disclosure of classified information or other information of the kinds covered by Rule 506 of the Military Commission Rules of Evidence; and

(3) Records sufficient to disclose the number of security officers assigned to the military commissions, including security officers detailed to the specific defense teams, together with the duties and authorities of those security officers, the total annual cost of those security officers, and any instructions or training provided to those officers.

My use of the term "records" in these requests includes but is not limited to electronic records, letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, cables, briefing slides, briefing documents, Sametime Communications, and all other electronic or written communications.

By "guidance," I mean any definitions, explanations, illustrations, examples, or other descriptions of the specific information that may not be disclosed in the public proceedings related to the prosecution of detainees at Guantanamo Bay, together with the reasons or justifications for non-disclosure and the methods for effecting non-disclosure. Responsive records would, for example, describe the kinds of information that may not be said aloud or included in written submissions, explain the basis for censoring such information from public comments or written records, or specify the procedure that should be employed to effectuate the censorship. Lists of specific terms as well as general descriptive guidance of prohibited categories would be responsive to this request.

**Request for a Public Interest Fee Waiver**

I request a waiver of all fees for this request. The request is being filed in the context of my work as a journalist. The article I plan to write will contribute significantly to a public understanding of the military commissions trials and to our country's ongoing efforts to seek justice after the events of September 11, 2001. A fee waiver is appropriate because the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure to me is "likely to contribute significantly to the public understanding of the operations or activities of the Department of Defense and is not primarily in the commercial interest of the requester." 32 C.F.R. § 286.28(d)(1).

Given the nature of the great public interest in the Guantanamo Bay Naval Base in general, the disclosure of information surrounding policies and proceedings at the military commissions trials will inform, or have the potential to inform, the public rather than simply the individual requester or small segment of interested persons. Furthermore, since the history of this particular facility is a current subject of wide public interest, and this information is not already known to the general public, disclosure will be unique in contributing previously unknown facts, thereby enhancing public knowledge.

Therefore, based on the above reasons, I respectfully request that all fees related to the search, review, and duplication of the requested records be waived. However, in the event that duplication fees are not waived, I am willing to review the requested records in a reading room. *See* 32 C.F.R. § 286.7(a). If the search and review fees will not be waived, I ask that you contact me at the email address below should the estimated fees resulting from this request exceed $100.

**Request for Limitation of Fees**

I am also entitled to a limitation of fees because I am "a representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 32 C.F.R. § 286.28(e)(7). I am a "person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." 32 C.F.R. § 286.28(e)(7)(i). My articles have appeared in publications including *The New Yorker*, *The London Review of Books*, and *The New York Times Magazine*, among others. The records requested are not sought for commercial use. As such, fees may only be assessed for "reasonable standard charges for document duplication (excluding charges for the first 100 pages)[.]" 32 C.F.R. § 286.28(e)(7).

**Request for Expedited Processing**

I am seeking these materials to report on a continuing news story of great public interest, and therefore request that you expedite your response pursuant to 5 U.S.C. § 552(6)(E). The records requested are urgently needed in order to disseminate to the public information about government activity. *See* 32 C.F.R. § 286.4(d)(2). Because this information is of timely news value, if you have any questions about this request, please contact me by telephone or e-mail, rather than relying upon regular mail. You may reach me by telephone at (267) 288-7444 or by e-mail at mattathias.schwartz@gmail.com.

n/a

**Request for an Explanation of Withholdings and Redactions**

If this FOIA request is denied in whole or in part, please justify and explain the reasons for all denials by reference to the specific exemptions of the Act, pursuant to 32 C.F.R. § 286.23(e)(3). In addition, please release all reasonably segregable portions of otherwise exempt material, pursuant to 5 U.S.C. § 552(b). Furthermore, if any documents responsive to this request are classified, please identify those documents, including a date and document number where possible, so I may begin the process of requesting a Mandatory Declassification Review ("MDR") under the terms of EO 13526.

Thank you for your consideration of this request. If you have any questions or concerns, please do not hesitate to telephone me at (267) 288-7444. Please direct any correspondence, including responsive records, by e-mail at mattathias.schwartz@gmail.com. Pursuant to the applicable FOIA provision and departmental regulations, I expect a response regarding this request within the twenty (20) working day statutory time limit. *See* 5 U.S.C. § 552(a)(6)(A)(i); 32 C.F.R. § 286.23(e)(1).

I certify that the information provided in this request is true and correct to the best of my knowledge.

Sincerely,

Mattathias Schwartz

c/o The New Yorker
1 World Trade Center
New York, NY 10007-2915.
P: (267) 288-7444
E: mattathias.schwartz@gmail.com

3

March 9, 2015

**BY POST**

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505
F: (703) 613-3007

**Re:    Request for Information under the Freedom of Information Act**

  This an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I am seeking to obtain the following records:

(1) Records sufficient to disclose any and all guidance that has been given to the Office of Military Commissions, presiding officers, counsel, or any other person(s) in the courtroom about what may not be said in open public sessions or included in written submissions in prosecutions before the military commissions at the Guantanamo Bay Naval Station;

(2) Records sufficient to disclose the means by which any original classifying authority can monitor or interrupt the 40-second delayed audio-video transmission of military commission proceedings to prevent the public disclosure of classified information or other information of the kinds covered by Rule 506 of the Military Commission Rules of Evidence; and

(3) Records sufficient to disclose the number of security officers assigned to the military commissions, including security officers detailed to the specific defense teams, together with the duties and authorities of those security officers, the total annual cost of those security officers, and any instructions or training provided to those officers.

  My use of the term "records" in these requests includes but is not limited to electronic records, letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, cables, briefing slides, briefing documents, Sametime Communications, and all other electronic or written communications.

  By "guidance," I mean any definitions, explanations, illustrations, examples, or other descriptions of the specific information that may not be disclosed in the public proceedings related to the prosecution of detainees at Guantanamo Bay, together with the reasons or justifications for non-disclosure and the methods for effecting non-disclosure. Responsive records would, for example, describe the kinds of information that may not be said aloud or included in written submissions, explain the basis for censoring such information from public comments or written records, or specify the procedure that should be employed to effectuate the censorship. Lists of specific terms as well as general descriptive guidance of prohibited categories would be responsive to this request.

**Request for a Public Interest Fee Waiver**

I request a waiver of all fees for this request. The request is being filed in the context of my work as a journalist. The article I plan to write will contribute significantly to a public understanding of the military commissions trials and to our country's ongoing efforts to seek justice after the events of September 11, 2001. A fee waiver is appropriate because the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure to me is "likely to contribute significantly to the public understanding of the operations or activities of the United States Government and is not primarily in the commercial interest of the requester." 32 C.F.R. § 1900.13(b)(2).

Given the nature of the great public interest in the Guantanamo Bay Naval Base in general, the disclosure of information surrounding policies and proceedings at the military commissions trials will inform, or have the potential to inform, the public rather than simply the individual requester or small segment of interested persons. Furthermore, since the history of this particular facility is a current subject of wide public interest, and this information is not already known to the general public, disclosure will be unique in contributing previously unknown facts, thereby enhancing public knowledge.

Therefore, based on the above reasons, I respectfully request that all fees related to the search, review, and duplication of the requested records be waived. However, in the event that duplication fees are not waived, I am willing to review the requested records in a CIA "reading room." *See* 32 C.F.R. § 1900.23(c). If the search and review fees will not be waived, I ask that you contact me at the below email address should the estimated fees resulting from this request exceed $100. *See* 32 C.F.R. § 1900.13(e) ("the Agency will request specific commitment when it estimates that fees will exceed $100.00").

**Request for Limitation of Fees**

I am also entitled to a limitation of fees because I am "a representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 32 C.F.R. § 1900.13(i)(2). I am a "person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." 32 C.F.R. § 1900.02(h)(3). My articles have appeared in publications including *The New Yorker*, *The London Review of Books*, and *The New York Times Magazine*, among others. The records requested are not sought for commercial use. As such, fees may only be assessed "for reproduction beyond the first 100 pages[.]" 32 C.F.R. § 1900.13(i)(2).

**Request for Expedited Processing**

I am seeking these materials to report on a continuing news story of great public interest, and therefore request that you expedite your response pursuant to 5 U.S.C. § 552(6)(E). Because this information is of timely news value, if you have any questions about this request, please contact me by telephone or e-mail, rather than relying upon regular mail. You may reach me by telephone at (267) 288-7444 or by e-mail at mattathias.schwartz@gmail.com.

**Request for an Explanation of Withholdings and Redactions**

If this FOIA request is denied in whole or in part, please justify and explain the reasons for all denials by reference to the specific exemptions of the Act, pursuant to 32 C.F.R. § 1900.23(b). In addition, please release all reasonably segregable portions of otherwise exempt material, pursuant to 5 U.S.C. § 552(b). Furthermore, if any documents responsive to this request are classified, please identify those documents, including a date and document number where possible, so I may begin the process of requesting a Mandatory Declassification Review ("MDR") under the terms of EO 13526.

Thank you for your consideration of this request. If you have any questions or concerns, please do not hesitate to telephone me at (267) 288-7444. Please direct any correspondence, including responsive records, by e-mail at mattathias.schwartz@gmail.com. Pursuant to the applicable FOIA provision and departmental regulations, I expect a response regarding this request within the twenty (20) working day statutory time limit. *See* 5 U.S.C. § 552(a)(6)(A)(i); 32 C.F.R. § 1900.21(d).

I certify that the information provided in this request is true and correct to the best of my knowledge.

Sincerely,

*[signature]*
Mattathias Schwartz

c/o The New Yorker
1 World Trade Center
New York, NY 10007-2915.
P: (267) 288-7444
E: mattathias.schwartz@gmail.com

3

March 9, 2015

**BY E-MAIL**

Federal Bureau of Investigation
Record/Information Dissemination Section
Attn: FOIPA Request
170 Marcel Drive
Winchester, VA 22602-4843
E: foiparequest@ic.fbi.gov

Re:   **Request for Information under the Freedom of Information Act**

This an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I am seeking to obtain the following records:

(1) Records sufficient to disclose any and all guidance that has been given to the Office of Military Commissions, presiding officers, counsel, or any other person(s) in the courtroom about what may not be said in open public sessions or included in written submissions in prosecutions before the military commissions at the Guantanamo Bay Naval Station;

(2) Records sufficient to disclose the means by which any original classifying authority can monitor or interrupt the 40-second delayed audio-video transmission of military commission proceedings to prevent the public disclosure of classified information or other information of the kinds covered by Rule 506 of the Military Commission Rules of Evidence; and

(3) Records sufficient to disclose the number of security officers assigned to the military commissions, including security officers detailed to the specific defense teams, together with the duties and authorities of those security officers, the total annual cost of those security officers, and any instructions or training provided to those officers.

My use of the term "records" in these requests includes but is not limited to electronic records, letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, cables, briefing slides, briefing documents, Sametime Communications, and all other electronic or written communications.

By "guidance," I mean any definitions, explanations, illustrations, examples, or other descriptions of the specific information that may not be disclosed in the public proceedings related to the prosecution of detainees at Guantanamo Bay, together with the reasons or justifications for non-disclosure and the methods for effecting non-disclosure. Responsive records would, for example, describe the kinds of information that may not be said aloud or included in written submissions, explain the basis for censoring such information from public comments or written records, or specify the procedure that should be employed to effectuate the

1

censorship. Lists of specific terms as well as general descriptive guidance of prohibited categories would be responsive to this request.

**Request for a Public Interest Fee Waiver**

I request a waiver of all fees for this request. The request is being filed in the context of my work as a journalist. The article I plan to write will contribute significantly to a public understanding of the military commissions trials and to our country's ongoing efforts to seek justice after the events of September 11, 2001. A fee waiver is appropriate because the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure to me is "likely to contribute significantly to the public understanding of the operations or activities of the government" and is not primarily in the commercial interest of the requester. 32 C.F.R. § 16.11(k)(1)(i).

Given the nature of the great public interest in the Guantanamo Bay Naval Base in general, the disclosure of information surrounding policies and proceedings at the military commissions trials will inform, or have the potential to inform, the public rather than simply the individual requester or small segment of interested persons. Furthermore, since the history of this particular facility is a current subject of wide public interest, and this information is not already known to the general public, disclosure will be unique in contributing previously unknown facts, thereby enhancing public knowledge.

Therefore, based on the above reasons, I respectfully request that all fees related to the search, review, and duplication of the requested records be waived. However, in the event that duplication fees are not waived, I am willing to review the requested records in an FBI reading room. *See* 28 C.F.R. § 16.2(a). If the search and review fees will not be waived, I ask that you contact me at the below email address should the estimated fees resulting from this request exceed $100.

**Request for Limitation of Fees**

I am also entitled to a limitation of fees because I am "a representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 32 C.F.R. § 16.11(d)(1). I am a "person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." 32 C.F.R. § 16.11(b)(6). My articles have appeared in publications including *The New Yorker*, *The London Review of Books*, and *The New York Times Magazine*, among others. The records requested are not sought for commercial use. As such, fees may only be assessed for reproduction beyond the first 100 pages" 32 C.F.R. § § 16.11(d)(3)(i).

**Request for Expedited Processing**

I am seeking these materials to report on a continuing news story of great public interest, and therefore request that you expedite your response pursuant to 5 U.S.C. § 552(6)(E) and 28 C.F.R. § 16.5(d)(1)(ii). Because this information is of timely news value, if you have any questions about this request, please contact me by telephone or e-mail, rather than relying upon regular mail. You may reach me by telephone at (267) 288-7444 or by e-mail at

mattathias.schwartz@gmail.com. I expect a response within ten calendar days. *See* 28 C.F.R. 16.5(d)(4).

**Request for an Explanation of Withholdings and Redactions**

If this FOIA request is denied in whole or in part, please justify and explain the reasons for all denials by reference to the specific exemptions of the Act, pursuant to 32 C.F.R. § 16.6(c). In addition, please release all reasonably segregable portions of otherwise exempt material, pursuant to 5 U.S.C. § 552(b). Furthermore, if any documents responsive to this request are classified, please identify those documents, including a date and document number where possible, so I may begin the process of requesting a Mandatory Declassification Review ("MDR") under the terms of EO 13526.

Thank you for your consideration of this request. If you have any questions or concerns, please do not hesitate to telephone me at (267) 288-7444. Please direct any correspondence, including responsive records, by e-mail at mattathias.schwartz@gmail.com. Pursuant to the applicable FOIA provision and departmental regulations, I expect a response regarding this request within the twenty (20) working day statutory time limit. *See* 5 U.S.C. § 552(a)(6)(A)(i).

I certify that the information provided in this request is true and correct to the best of my knowledge.

> Sincerely,
>
> *[signature]*
> Mattathias Schwartz
>
> c/o The New Yorker
> 1 World Trade Center
> New York, NY 10007-2915.
> P: (267) 288-7444
> E: mattathias.schwartz@gmail.com

3

March 9, 2015

**BY ELECTRONIC SUBMISSION**

Chief of Naval Operations (DNS-36)
2000 Navy Pentagon
Washington, DC 20350-2000

Re:   Request for Information under the Freedom of Information Act

This an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I am seeking to obtain the following records:

(1) Records sufficient to disclose any and all guidance that has been given to the Office of Military Commissions, presiding officers, counsel, or any other person(s) in the courtroom about what may not be said in open public sessions or included in written submissions in prosecutions before the military commissions at the Guantanamo Bay Naval Station;

(2) Records sufficient to disclose the means by which any original classifying authority can monitor or interrupt the 40-second delayed audio-video transmission of military commission proceedings to prevent the public disclosure of classified information or other information of the kinds covered by Rule 506 of the Military Commission Rules of Evidence; and

(3) Records sufficient to disclose the number of security officers assigned to the military commissions, including security officers detailed to the specific defense teams, together with the duties and authorities of those security officers, the total annual cost of those security officers, and any instructions or training provided to those officers.

My use of the term "records" in these requests includes but is not limited to electronic records, letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, cables, briefing slides, briefing documents, Sametime Communications, and all other electronic or written communications.

By "guidance," I mean any definitions, explanations, illustrations, examples, or other descriptions of the specific information that may not be disclosed in the public proceedings related to the prosecution of detainees at Guantanamo Bay, together with the reasons or justifications for non-disclosure and the methods for effecting non-disclosure. Responsive records would, for example, describe the kinds of information that may not be said aloud or included in written submissions, explain the basis for censoring such information from public comments or written records, or specify the procedure that should be employed to effectuate the censorship. Lists of specific terms as well as general descriptive guidance of prohibited categories would be responsive to this request.

1

**Request for a Public Interest Fee Waiver**

I request a waiver of all fees for this request. The request is being filed in the context of my work as a journalist. The article I plan to write will contribute significantly to a public understanding of the military commissions trials and to our country's ongoing efforts to seek justice after the events of September 11, 2001. A fee waiver is appropriate because the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure to me is likely to contribute significantly to the public understanding of the operations or activities of the United States government and is not primarily in my commercial interest. *See* 32 C.F.R. 701.34.

Given the nature of the great public interest in the Guantanamo Bay Naval Base in general, the disclosure of information surrounding policies and proceedings at the military commissions trials "will inform, or have the potential to inform, the public rather than simply the individual requester or small segment of interested persons." 32 C.F.R. § 701.48(d). Furthermore, since the history of this particular facility is a "current subject of wide public interest," and this information is not already known to the general public, disclosure will "be unique in contributing previously unknown facts, thereby enhancing public knowledge." 32 C.F.R. § 701.48(e).

Therefore, based on the above reasons, I respectfully request that all fees related to the search, review, and duplication of the requested records be waived. However, in the event that duplication fees are not waived, I am willing to review the requested records in a reading room. *See* 32 C.F.R. 701.6. If the search and review fees will not be waived, I ask that you contact me at the email address below should the estimated fees resulting from this request exceed $100.

**Request for Limitation of Fees**

I am also entitled to a limitation of fees because I am a "representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 32 C.F.R. § 701.42(d). I am a "person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." *Id*. My articles have appeared in publications including *The New Yorker*, *The London Review of Books*, and *The New York Times Magazine*, among others. The records requested are not sought for commercial use. As such, fees may only be assessed for reasonable standard charges for document duplication (excluding charges for the first 100 pages). 32 C.F.R. § 701.42(d)(4).

**Request for Expedited Processing**

I am seeking these materials to report on a continuing news story of great public interest, and therefore request that you expedite your response pursuant to 5 U.S.C. § 552(6)(E). The records requested are urgently needed in order to disseminate to the public information about government activity. *See* 32 C.F.R. § 701.8(f)(5)(ii). Because this information is of timely news value, if you have any questions about this request, please contact me by telephone or e-mail, rather than relying upon regular mail. You may reach me by telephone at (267) 288-7444 or by e-mail at mattathias.schwartz@gmail.com.

**Request for an Explanation of Withholdings and Redactions**

If this FOIA request is denied in whole or in part, please justify and explain the reasons for all denials by reference to the specific exemptions of the Act, pursuant to 32 C.F.R. § 701.8(k)(3). In addition, please release all reasonably segregable portions of otherwise exempt material, pursuant to 5 U.S.C. § 552(b). Furthermore, if any documents responsive to this request are classified, please identify those documents, including a date and document number where possible, so I may begin the process of requesting a Mandatory Declassification Review ("MDR") under the terms of EO 13526.

Thank you for your consideration of this request. If you have any questions or concerns, please do not hesitate to telephone me at (267) 288-7444. Please direct any correspondence, including responsive records, by e-mail at mattathias.schwartz@gmail.com. Pursuant to the applicable FOIA provision and departmental regulations, I expect a response regarding this request within the twenty (20) working day statutory time limit. *See* 5 U.S.C. § 552(a)(6)(A)(i); 32 C.F.R. § 701.8(g).

I certify that the information provided in this request is true and correct to the best of my knowledge.

Sincerely,

Mattathias Schwartz

c/o The New Yorker
1 World Trade Center
New York, NY 10007-2915.
P: (267) 288-7444
E: mattathias.schwartz@gmail.com

3

March 9, 2015

**BY POST**

National Security Agency
Attn: FOIA Office (DJ4)
9800 Savage Road STE 6248
Ft. George G. Meade, MD 20755-6248

**Re:    Request for Information under the Freedom of Information Act**

This an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I am seeking to obtain the following records:

(1) Records sufficient to disclose any and all guidance that has been given to the Office of Military Commissions, presiding officers, counsel, or any other person(s) in the courtroom about what may not be said in open public sessions or included in written submissions in prosecutions before the military commissions at the Guantanamo Bay Naval Station;

(2) Records sufficient to disclose the means by which any original classifying authority can monitor or interrupt the 40-second delayed audio-video transmission of military commission proceedings to prevent the public disclosure of classified information or other information of the kinds covered by Rule 506 of the Military Commission Rules of Evidence; and

(3) Records sufficient to disclose the number of security officers assigned to the military commissions, including security officers detailed to the specific defense teams, together with the duties and authorities of those security officers, the total annual cost of those security officers, and any instructions or training provided to those officers.

My use of the term "records" in these requests includes but is not limited to electronic records, letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, cables, briefing slides, briefing documents, Sametime Communications, and all other electronic or written communications.

By "guidance," I mean any definitions, explanations, illustrations, examples, or other descriptions of the specific information that may not be disclosed in the public proceedings related to the prosecution of detainees at Guantanamo Bay, together with the reasons or justifications for non-disclosure and the methods for effecting non-disclosure. Responsive records would, for example, describe the kinds of information that may not be said aloud or included in written submissions, explain the basis for censoring such information from public comments or written records, or specify the procedure that should be employed to effectuate the censorship. Lists of specific terms as well as general descriptive guidance of prohibited categories would be responsive to this request.

**Request for a Public Interest Fee Waiver**

I request a waiver of all fees for this request. The request is being filed in the context of my work as a journalist. The article I plan to write will contribute significantly to a public understanding of the military commissions trials and to our country's ongoing efforts to seek justice after the events of September 11, 2001. A fee waiver is appropriate because the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure to me is likely to contribute significantly to the public understanding of the operations or activities of the United States government and is not primarily in the commercial interest of the requester. *See* 32 C.F.R. § 286.28(d)(1).

Given the nature of the great public interest in the Guantanamo Bay Naval Base in general, the disclosure of information surrounding policies and proceedings at the military commissions trials will inform, or have the potential to inform, the public rather than simply the individual requester or small segment of interested persons. Furthermore, since the history of this particular facility is a current subject of wide public interest, and this information is not already known to the general public, disclosure will be unique in contributing previously unknown facts, thereby enhancing public knowledge.

Therefore, based on the above reasons, I respectfully request that all fees related to the search, review, and duplication of the requested records be waived. However, in the event that duplication fees are not waived, I am willing to review the requested records in a reading room. *See* 32 C.F.R. § 286.7(a). If the search and review fees will not be waived, I ask that you contact me at the email address below should the estimated fees resulting from this request exceed $100.

**Request for Limitation of Fees**

I am also entitled to a limitation of fees because I am "a representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 32 C.F.R. § 286.28(e)(7). I am a "person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." 32 C.F.R. § 286.28(e)(7)(i). My articles have appeared in publications including *The New Yorker*, *The London Review of Books*, and *The New York Times Magazine*, among others. The records requested are not sought for commercial use. As such, fees may only be assessed for "reasonable standard charges for document duplication (excluding charges for the first 100 pages)[.]" 32 C.F.R. § 286.28(e)(7).

**Request for Expedited Processing**

I am seeking these materials to report on a continuing news story of great public interest, and therefore request that you expedite your response pursuant to 5 U.S.C. § 552(6)(E). The records requested are urgently needed in order to disseminate to the public information about government activity. *See* 32 C.F.R. § 299.5(f). Because this information is of timely news value, if you have any questions about this request, please contact me by telephone or e-mail, rather than relying upon regular mail. You may reach me by telephone at (267) 288-7444 or by e-mail at mattathias.schwartz@gmail.com.

**Request for an Explanation of Withholdings and Redactions**

If this FOIA request is denied in whole or in part, please justify and explain the reasons for all denials by reference to the specific exemptions of the Act, pursuant to 32 C.F.R. § 299.5(j)(3)(i). In addition, please release all reasonably segregable portions of otherwise exempt material, pursuant to 5 U.S.C. § 552(b). Furthermore, if any documents responsive to this request are classified, please identify those documents, including a date and document number where possible, so I may begin the process of requesting a Mandatory Declassification Review ("MDR") under the terms of EO 13526.

Thank you for your consideration of this request. If you have any questions or concerns, please do not hesitate to telephone me at (267) 288-7444. Please direct any correspondence, including responsive records, by e-mail at mattathias.schwartz@gmail.com. Pursuant to the applicable FOIA provision and departmental regulations, I expect a response regarding this request within the twenty (20) working day statutory time limit. *See* 5 U.S.C. § 552(a)(6)(A)(i); 32 C.F.R. § 299.5(b).

I certify that the information provided in this request is true and correct to the best of my knowledge.

Sincerely,

*Mattathias Schwartz*
Mattathias Schwartz

c/o The New Yorker
1 World Trade Center
New York, NY 10007-2915.
P: (267) 288-7444
E: mattathias.schwartz@gmail.com

3

March 10, 2015

**BY POST**

Office of the Director of National Intelligence (ODNI)
Washington , D.C. 20511

Re:   <u>Request for Information under the Freedom of Information Act</u>

This an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I am seeking to obtain the following records:

(1) Records sufficient to disclose any and all guidance that has been given to the Office of Military Commissions, presiding officers, counsel, or any other person(s) in the courtroom about what may not be said in open public sessions or included in written submissions in prosecutions before the military commissions at the Guantanamo Bay Naval Station;

(2) Records sufficient to disclose the means by which any original classifying authority can monitor or interrupt the 40-second delayed audio-video transmission of military commission proceedings to prevent the public disclosure of classified information or other information of the kinds covered by Rule 506 of the Military Commission Rules of Evidence; and

(3) Records sufficient to disclose the number of security officers assigned to the military commissions, including security officers detailed to the specific defense teams, together with the duties and authorities of those security officers, the total annual cost of those security officers, and any instructions or training provided to those officers.

My use of the term "records" in these requests includes but is not limited to electronic records, letters, correspondence, tape recordings, notes, data, memoranda, reports, email, computer source and object code, technical manuals, technical specifications, cables, briefing slides, briefing documents, Sametime Communications, and all other electronic or written communications.

By "guidance," I mean any definitions, explanations, illustrations, examples, or other descriptions of the specific information that may not be disclosed in the public proceedings related to the prosecution of detainees at Guantanamo Bay, together with the reasons or justifications for non-disclosure and the methods for effecting non-disclosure. Responsive records would, for example, describe the kinds of information that may not be said aloud or included in written submissions, explain the basis for censoring such information from public comments or written records, or specify the procedure that should be employed to effectuate the censorship. Lists of specific terms as well as general descriptive guidance of prohibited categories would be responsive to this request.

1

**Request for a Public Interest Fee Waiver**

I request a waiver of all fees for this request. The request is being filed in the context of my work as a journalist. The article I plan to write will contribute significantly to a public understanding of the military commissions trials and to our country's ongoing efforts to seek justice after the events of September 11, 2001. A fee waiver is appropriate because the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure to me is "likely to contribute significantly to the public understanding of the operations or activities of the U.S. Government and is not primarily in the commercial interest of the requester." 32 C.F.R. § 1700.2(h)(4).

Given the nature of the great public interest in the Guantanamo Bay Naval Base in general, the disclosure of information surrounding policies and proceedings at the military commissions trials will inform, or have the potential to inform, the public rather than simply the individual requester or small segment of interested persons. Furthermore, since the history of this particular facility is a current subject of wide public interest, and this information is not already known to the general public, disclosure will be unique in contributing previously unknown facts, thereby enhancing public knowledge.

Therefore, based on the above reasons, I respectfully request that all fees related to the search, review, and duplication of the requested records be waived. However, in the event that duplication fees are not waived, I am willing to review the requested records in a reading room. If the search and review fees will not be waived, I ask that you contact me at the email address below should the estimated fees resulting from this request exceed $100.

**Request for Limitation of Fees**

I am also entitled to a limitation of fees because I am "a representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 32 C.F.R. § 1700.6(h)(i). I am a "person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public." 32 C.F.R. § 1700.2(h)(4). My articles have appeared in publications including *The New Yorker*, *The London Review of Books*, and *The New York Times Magazine*, among others. The records requested are not sought for commercial use. As such, fees may only be assessed for reasonable standard charges for document duplication (excluding charges for the first 100 pages). *See* 32 C.F.R. § 1700.6(i)(2).

**Request for Expedited Processing**

I am seeking these materials to report on a continuing news story of great public interest, and therefore request that you expedite your response pursuant to 5 U.S.C. § 552(6)(E). The records requested are urgently needed in order to disseminate to the public information about government activity. *See* 32 C.F.R. § 1700.12(c)(2). Because this information is of timely news value, if you have any questions about this request, please contact me by telephone or e-mail, rather than relying upon regular mail. You may reach me by telephone at (267) 288-7444 or by e-mail at mattathias.schwartz@gmail.com.

**Request for an Explanation of Withholdings and Redactions**

If this FOIA request is denied in whole or in part, please justify and explain the reasons for all denials by reference to the specific exemptions of the Act, pursuant to 32 C.F.R. § 1700.8(c)(1). In addition, please release all reasonably segregable portions of otherwise exempt material, pursuant to 5 U.S.C. § 552(b). Furthermore, if any documents responsive to this request are classified, please identify those documents, including a date and document number where possible, so I may begin the process of requesting a Mandatory Declassification Review ("MDR") under the terms of EO 13526.

Thank you for your consideration of this request. If you have any questions or concerns, please do not hesitate to telephone me at (267) 288-7444. Please direct any correspondence, including responsive records, by e-mail at mattathias.schwartz@gmail.com. Pursuant to the applicable FOIA provision and departmental regulations, I expect a response regarding this request within the twenty (20) working day statutory time limit. *See* 5 U.S.C. § 552(a)(6)(A)(i).

I certify that the information provided in this request is true and correct to the best of my knowledge.

Sincerely,

_____
Mattathias Schwartz

c/o The New Yorker
1 World Trade Center
New York, NY 10007-2915.
P: (267) 288-7444
E: mattathias.schwartz@gmail.com

3