IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTATHIAS SCHWARTZ,<br><br>                          Plaintiff,<br>    v.<br><br>DEPARTMENT OF DEFENSE,<br>DEPARTMENT OF NAVY,<br>NATIONAL SECURITY AGENCY,<br>FEDERAL BUREAU OF INVESTIGATION,<br>CENTRAL INTELLIGENCE AGENCY, and<br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br><br>                          Defendants. | No. 1:15-cv-07077<br><br>**ECF Case** |

## ANSWER

Defendants Department of Defense ("DoD"), Department of Navy ("Navy"), National Security Agency ("NSA"), Federal Bureau of Investigation ("FBI"), Central Intelligence Agency ("CIA"), and Office of the Director of National Intelligence ("ODNI") (collectively, "Defendants"), through undersigned counsel, hereby answer Plaintiff's Complaint.

    1.      Paragraph 1 consists of Plaintiff's characterization of this lawsuit, to which no response is required.

    2.      Admitted.

    3.      With respect to the first sentence, defendants lack information or knowledge sufficient to know what was "understood." With respect to the second and

1

third sentences, denied except to admit that on January 28, 2013, the 40-second delay was initiated by someone other than the presiding judge. Defendants respectfully refer the Court to the attached hearing transcript from January 28, 2013 for a complete and accurate statement of its content.

      4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

      5.      Paragraph 5 consists of Plaintiff's characterization of this lawsuit, to which no response is required.

      6.      Paragraph 6 consists of Plaintiff's legal conclusions, to which no response is required.

      7.      Paragraph 7 consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

      8.      Paragraph 8 consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

      9.      Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

      10-11.  Admitted.

      12. The first sentence is admitted. As to the second, Defendants admit that the FBI is a component of the Department of Justice.

      13-14.  Admitted.

      15.      Defendants admit that they received FOIA requests from Plaintiff on the listed dates. Defendants respectfully refer the Court to those requests for a complete and accurate statement of their contents.

16. Defendants respectfully refer the Court to Plaintiff's requests for a complete and accurate statement of their contents.

17. Defendants admit that Plaintiff sought a fee waiver. The rest of this sentence consists of Plaintiff's legal conclusions, to which no response is required.

18. Defendants admit that Plaintiff sought a fee limitation. The rest of this sentence consists of Plaintiff's legal conclusions, to which no response is required.

19. Defendants admit that Plaintiff sought expedited processing. As to the other allegations in this sentence, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

20. Defendant NSA admits to responding to Plaintiff via letter dated March 23, 2015, and NSA respectfully refers the Court to that letter for a complete and accurate statement of its content.

21. The first sentence of paragraph 21 of the complaint constitutes Plaintiffs' characterization of Defendant NSA's legal obligations, to which no response is required. To the extent a response is required, Defendant NSA denies the allegation contained in the first sentence of paragraph 21 of the complaint. Defendant NSA admits the allegation contained in the second sentence of paragraph 21 of the complaint.

22. Defendant FBI admits the first two sentences. The third sentence characterizes the content of those letters; Defendant FBI respectfully refers the Court to those letters for complete and accurate statements of their content. To the extent a response is required, the allegations in the third sentence are denied.

23. As to the first sentence, Defendant FBI admits that Plaintiff filed an administrative appeal dated April 22, 2015. Defendant FBI respectfully refers the Court

to the appeal letter itself for a complete and accurate statement of its content. Insofar as the second sentence of paragraph 23 states legal conclusions, no response is required. To the extent a response is required, the allegations in the second sentence are denied.

24. The first sentence of paragraph 24 of the complaint constitutes Plaintiffs' characterization of Defendant FBI's legal obligations, to which no response is required. To the extent a response is required, Defendant FBI denies the allegations contained in the first sentence of paragraph 24 of the complaint. Defendant FBI admits that more than twenty business days have passed since Plaintiff submitted his letter dated April 22, 2015.

25. Defendant CIA admits that it denied Plaintiff's request for expedited processing via letter dated March 23, 2015. Defendant CIA respectfully refers the Court to that letter for a complete and accurate statement of its content.

26. Defendant CIA admits that Plaintiff submitted an appeal letter dated April 22, 2015, and respectfully refers the Court to that letter for a complete and accurate statement of its content. To the extent the second sentence states conclusions about Defendant CIA's legal obligations, no response is necessary. To the extent a response is necessary, the allegations in the second sentence are denied.

27. Defendant CIA admits that it acknowledged receipt of Plaintiff's appeal via letter dated May 21, 2015. The rest of the allegations in this paragraph pertain to the content of that letter; Defendant CIA respectfully refers the Court to that letter for a complete and accurate statement of its content.

28. The first sentence of paragraph 28 of the complaint constitutes Plaintiffs' characterization of Defendant CIA's legal obligations, to which no response is required.

To the extent a response is required, Defendant CIA denies the allegations contained in the first sentence of paragraph 28 of the complaint. Defendant CIA admits the allegation contained in the second sentence of paragraph 28 of the complaint.

29. Defendant ODNI admits that it received a FOIA request and appeal letter from Plaintiff dated March 10, 2015, and April 22, 2015, respectively. Defendant ODNI respectfully refers the Court to those letters for a complete and accurate statement of their content.

30. Admitted.

31. The first sentence of paragraph 31 of the complaint constitutes Plaintiff's characterization of Defendant ODNI's legal obligations, to which no response is required. To the extent a response is required, Defendant ODNI denies the allegations contained in the first sentence of paragraph 31 of the complaint. Defendant ODNI admits the allegation contained in the second sentence of paragraph 31 of the complaint.

32. Admitted.

33. The first sentence of paragraph 33 of the complaint constitutes Plaintiffs' characterization of Defendant Navy's legal obligations, to which no response is required. To the extent a response is required, Defendant Navy denies the allegations contained in the first sentence of paragraph 33 of the complaint. Defendant Navy admits the allegation contained in the second sentence of paragraph 33 of the complaint.

34. Defendant DoD admits that it acknowledged receipt of the forwarded Navy request via letter dated March 12, 2015. Defendant DoD respectfully refers the Court to that letter for a complete and accurate statement of its content.

35. Admitted.

36. Defendant DoD admits that it Plaintiff submitted an administrative appeal by letter dated April 22, 2015. Defendant DoD respectfully refers the Court to that letter for a complete and accurate statement of its content.

37-38. Admitted.

39. As to the first sentence, Defendant DoD admits that Plaintiff submitted an appeal by letter dated October 13, 2015. For a complete and accurate description of the letter's content, Defendant DoD respectfully refers the Court to the letter itself.

40-42. Admitted.

43. Denied.

44. The first sentence is admitted. With respect to the second sentence, Defendants lack information sufficient to answer whether the information provided to Plaintiff is what he "requires."

45. Paragraph 45 states Plaintiff's legal conclusions, to which no response is required; to the extent a response is required, the allegation is denied.

46. In Paragraph 46, Plaintiff realleges paragraphs 1 through 45 as if fully stated therein; Defendants thus incorporate by reference its answers to those paragraphs.

47. Paragraph 47 states a legal conclusion, to which no response is required; to the extent a response is required, Defendants deny the allegation.

48. In Paragraph 48, Plaintiff realleges paragraphs 1 through 47 as if fully stated therein; Defendants thus incorporate by reference its answers to those paragraphs.

49. Paragraph 49 states a legal conclusion, to which no response is required; to the extent a response is required, Defendants deny the allegation.

50. In Paragraph 50, Plaintiff realleges paragraphs 1 through 49 as if fully stated therein; Defendants thus incorporate by reference its answers to those paragraphs.

51-53. Paragraphs 51 through 53 state legal conclusions, to which no responses are required; to the extent responses are required, Defendants deny the allegations contained in these paragraphs.

54. In Paragraph 54, Plaintiff realleges paragraphs 1 through 53 as if fully stated therein; Defendants thus incorporate by reference its answers to those paragraphs.

55-56. Paragraphs 55 and 56 state legal conclusions, to which no responses are required; to the extent responses are required, Defendants deny the allegations contained in these paragraphs.

The remainder of the Complaint sets forth Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief he seeks.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

## DEFENSES

1. Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

2. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552(b).

3. Plaintiff's failure to exhaust administrative remedies with respect to one or more of his claims precludes judicial review over those claims.

WHEREFORE, having fully answered, Defendants pray that:

7

1.      This Court enter judgment for Defendants and dismiss this action with prejudice; and

2.      Defendants be granted such further relief as the Court may deem just and proper.

Date: April 8, 2016                     Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT L. CAPERS
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director

*/s/Amy Powell*_____
AMY E. POWELL
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-9836
Facsimile: (202) 616-8470
Email

*Counsel for Defendants*